IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PATRIOT, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2840 |
| | ) | (Judge Wiese) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations contained in paragraph 4 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by Section 1053 of Public Law No. 104-201, 110 Stat. 2422, 2650 (1996), as amended, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by Section 1053 of Public Law No. 104-201, 110 Stat. 2422, 2650 (1996), as amended, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. The allegations contained in the first sentence of paragraph 10 that the Home and Patriot LLC acted "pursuant to and subject to compliance with" the statute constitute conclusions of law to which no answer is required. Admits the remaining allegations contained in paragraph 10 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations the remaining allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in paragraph 12 to the extent supported by Section 1053 of Public Law No. 104-201, 110 Stat. 2422, 2650 (1996), which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by Section 1053 of Public Law No. 104-201, 110 Stat. 2422, 2650 (1996), which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by Section 1053 of Public Law No. 104-201, 110 Stat. 2422, 2650 (1996), which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 to the extent supported by the offer cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Denies the allegation contained in the first sentence of paragraph 18. Admits the allegation contained in the second sentence of paragraph 18 that the Home would not require CUA to pay $26,000,000 to purchase the 49 acres, but avers that the Home was not required to submit the offer to CUA because it was not the highest offer; otherwise denies the allegations contained in the second sentence of paragraph 18.

19. Denies the allegation contained in paragraph 19 that the offers received by the Home were depressed by CUA's right of refusal for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remaining allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by Section 1053 of Public Law No. 104-201, 110 Stat. 2422, 2650 (1996), which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

23. Admits.

24. Admits the allegations contained in paragraph 24 to the extent supported by the appraisal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Denies the allegations contained in paragraph 27 that Metzbower Watts & Huting, of Hanover, Maryland has completed an appraisal of an adjoining portion of the Home's property, just west of the 49 acres (across North Capitol Street) for the Home, but avers that the Home did receive a draft report for review of a study conducted by Metzbower Watts & Hulting of Columbia, Maryland concerning an adjoining portion of the Home's property.

28. Denies.

29. Denies.

30. Denies the allegation contained in paragraph 30 that the Home failed to obtain an independent appraisal of the 49 acres. The remaining allegations contained in paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are

denied.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies the allegation in paragraph 32 that the Home intended to sell the 49 acres to CUA for less than the probable value of an independent appraisal. The remaining allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits.

35. Denies.

36. Denies the allegation in paragraph 36 that there was an absence of an appraisal. The remaining allegations contained in paragraph 36 constitute plaintiff's conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute plaintiff's characterizations of its claim and conclusions of law to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 38 of the complaint or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

41. Plaintiff's complaint fails to state claims upon which relief may be granted.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 514-7300
Attorneys for Defendant

March 23, 2004

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on March 23, 2004, a copy of "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
Douglas K. Mickle